UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ALEXANDER ANTHONY SOTO,

                Petitioner,

      - against -

WARDEN, New York City Department of
Correction,

                Respondent.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-4068 (PKC)

PAMELA K. CHEN, United States District Judge:

On July 4, 2021,[1] Petitioner Alexander Anthony Soto, currently detained at the Anna M. Kross Detention Center on Rikers Island, filed a *pro se* petition for a writ of habeas corpus, challenging his arraignment before the Queens County Criminal Court. (Dkt. 1.) On July 28, 2021, Petitioner filed an application to proceed *in forma pauperis* ("IFP"). (Dkt. 3.) The Court grants Petitioner's IFP application. For the reasons below, the Petition is dismissed without prejudice.

## DISCUSSION

Because Petitioner is proceeding *pro se*, the Court liberally construes the Petition and interprets it "to raise the strongest arguments that [it] suggest[s]." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 473 (2d Cir. 2006) (per curiam) (italics and citation omitted). At the same time, "*pro se* status 'does not exempt a party from compliance with relevant rules of

---

[1] Under the "prison mailbox" rule, which has been extended to *pro se* habeas petitions, the date of filing of a document is the date on which the document is given to prison officials. *See Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001) (per curiam). Here, Petitioner signed the Petition on July 4, 2021. (Petition, Dkt. 1, at ECF 6.) Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

procedural and substantive law.'" *Id.* at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *accord O'Neal v. New York*, 465 F. Supp. 3d 206, 216 (E.D.N.Y. 2020).

The Petition appears to seek habeas relief under 28 U.S.C. §§ 2241 and 2254. (*See* Petition, Dkt. 1, ¶ 3 ("Jurisdiction [in] this case is via the sections of the laws within the US Code concerning issuance of the General Writ of Habeas Corpus, and the Writ of Habeas Corpus concerning a prisoner in state custody.").)  In this case, neither statute provides a basis for the Court to consider the merits of the Petition at this juncture.

Section 2254 authorizes federal courts to consider habeas petitions from persons who are "in custody pursuant to the judgment of a State court only on the ground that [the person] is in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner, however, was only recently arrested on June 26, 2021, and has not been convicted or sentenced.[2]  Petitioner accordingly is not "in custody pursuant to the judgment of a State court."  *See* 28 U.S.C. § 2254(a); *Fredricks v. Hallett*, No. 21-CV-3690 (LTS), 2021 WL 2000074, at *2 (S.D.N.Y. May 17, 2021) ("Petitioner challenges his pretrial detention on pending criminal charges for assaulting a correctional officer, . . . and thus he does not challenge his custody pursuant to a state court judgment."); *Henry v. United States*, No. 11-CV-391 (KAM), 2014 WL 7075800, at *3 (E.D.N.Y. Dec. 12, 2014) (collecting cases, and concluding that the court lacked jurisdiction under Section 2254 to consider the habeas petition of a pretrial detainee awaiting trial).

---

[2] According to the New York City Department of Correction website, Petitioner's criminal case—under Book and Case Number 4412101286 (*see* Petition, Dkt. 1, ¶ 1)—is currently pending. *See* New York City Department of Correction, Inmate Lookup Service, https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited Aug. 10, 2021).

2

Section 2241 more generally provides that federal courts may grant habeas relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States," which can include state pretrial detainees. *See* 28 U.S.C. § 2241(c)(3); *Fredricks*, 2021 WL 2000074, at *2 ("[A] state pretrial detainee may be able to challenge the constitutionality of his detention in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241." (collecting cases)); *see also Crawford v. New York*, No. 08-CV-1287 (LEK) (DRH), 2009 WL 396308, at *1 (N.D.N.Y. Feb. 17, 2009) ("[S]ection 2241 applies to all individuals held in state custody while § 2254 applies only to those whose custody results from a final judgment." (citing *Thomas v. Crosby*, 371 F.3d 782, 809 (11th Cir. 2004))). But a petitioner seeking relief under 28 U.S.C. § 2241 must still exhaust available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While 28 U.S.C., Section 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *see also Carter v. Fields*, No. 19-CV-5364 (PKC), 2020 WL 5517241, at *4 (E.D.N.Y. Sept. 14, 2020) ("[T]he Court finds that Petitioner's [§ 2241] petition must be denied because of his failure to exhaust." (citing *Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 437 (D. Conn. 2020))). Petitioner here has failed to show that he has exhausted available state remedies. Therefore, his application for federal habeas corpus relief is premature.

## CONCLUSION

The Petition, which seeks a writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254, is dismissed without prejudice. A certificate of appealability shall not issue because the Petition does not make a substantial showing of the denial of a constitutional right, such that reasonable jurists could debate that the Petition "should have been resolved in a different manner" or that there are issues "adequate to deserve encouragement to proceed further." *See* 28 U.S.C. § 2253(c); *Miller-*

*El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith, and *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case accordingly.

                                       SO ORDERED.

                                       */s/ Pamela K. Chen*
                                       Pamela K. Chen
                                       United States District Judge

Dated: August 10, 2021
       Brooklyn, New York